Filed 3/25/25  P. v. Rogers CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B333858 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA373750-01) |
| v. | |
| PHILIP ROGERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke, II, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying Philip Rogers's petition for resentencing under Penal Code[1] section 1172.75.  We affirm.

## BACKGROUND

On June 26, 2012, a jury found Rogers guilty of one count of gross vehicular manslaughter while intoxicated in violation of section 191.5, subdivision (a).  The jury also found true two prior convictions for driving under the influence in violation of Vehicle Code section 23152, subdivisions (a) and (b).  Rogers also admitted that he suffered a prior conviction in violation of section 12021 which added one year to this sentence.  The trial court sentenced Rogers to 15 years to life in state prison plus one year. (§§ 191.5, subd. (d); 667.5, subd. (b).)

Rogers filed a petition for resentencing pursuant to section 1172.6.  On January 6, 2023, the trial court denied the petition for resentencing under section 1172.6.

Rogers also requested resentencing under section 1172.75 (former § 1171.1).  If there is a written request for such relief under section 1172.75, it is not in the record on appeal.  The record does include letters in support of resentencing and Rogers's complete C-File from the Department of Corrections and Rehabilitation.  On September 1, 2023, the trial court struck all fines and fees and the one-year sentence previously imposed

---

[1]     Undesignated statutory references are to the Penal Code.

2

pursuant to subdivision (b) of section 667.5.² It otherwise denied the resentencing request, stating, "All right. Thank you. In this matter, it is clear—and the defendant admits he had a very serious alcohol problem over a long period of time. And unfortunately that problem resulted in loss of life. [¶] I will say in reviewing the C file and various things that were attached that he has tried to address his addiction while in prison, and I applaud him for that. However, when I look at his C file and from the period of 2013 through just 2019, there were several rule violations, and there was a significant loss of credit. [¶] So at this time, I do not see a compelling reason to change the 15 to life sentence."

This appeal followed. The notice of appeal filed September 7, 2023, states the grounds of the appeal: "denial of further resentence reduction after PC 1172.75 relief."

On August 12, 2024, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel also stated Rogers was advised he could file his own supplemental brief within 30 days. Counsel

---

² The minute order erroneously states that the court denied resentencing under section 1172.6. The Reporter's Transcript indicates the correct code, which is section 1172.75.

3

sent Rogers transcripts of the record on appeal as well as a copy of the brief.[3]

On August 12, 2024, this court sent Rogers notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On October 25, 2024, Rogers filed a supplemental brief in which he argues that he was entitled to resentencing under section 1172.75, the California Racial Justice Act, and section 1385. He also argues the evidence presented at his trial was insufficient to find that he acted with gross negligence in committing the crime, and his sentence violated equal protection because he was sentenced as if he had been convicted of second degree murder. Rogers also brought to our attention his numerous rehabilitative efforts and commendations while incarcerated.

We treat each contention in turn. First, Rogers argues that the trial court would not consider a reduction in sentence under section 1172.75 "due to his disciplinary history." Rogers contends evidence of his extensive rehabilitative efforts while in

---

[3] On July 25, 2024, Rogers's counsel filed an opening brief challenging the trial court's calculation of custody credits. Counsel later moved to strike the brief and to substitute the current *Delgadillo* brief in its place. On August 12, 2024, we granted the motion to strike and ordered the *Delgadillo* brief filed. We now deny Rogers's request that we take judicial notice of the minute orders pertaining to the calculation of custody credits as that issue is no longer before us.

4

prison counteracted and rebutted the stated reason the court relied upon to deny resentencing.

Section 1172.75 expressly requires the trial court to "apply any other changes in law that reduces sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The trial court may consider "postconviction factors, including but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3); accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

The trial court exercises its discretion in ruling on section 1172.75 requests for resentencing. (*People v. Garcia, supra,* 101 Cal.App.5th at pp. 856–857.) In the absence of a clear showing that its sentencing decision was arbitrary or irrational, a trial court is presumed to have acted to achieve legitimate sentencing objectives. (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)

We find no abuse of discretion here. It was not unreasonable to conclude that Rogers's disciplinary history while in custody outweighed his efforts at rehabilitation. That disciplinary history included three batteries on a prisoner and two verbal incidents with staff from 2019 to 2021.

Second, Rogers argues his proceedings violated section 745, the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, §1) (RJA). The RJA provides statutory authority for defendants to

challenge criminal proceedings on the basis of racial, ethnic or national origin. (*People v. Wilson* (2024) 16 Cal.5th 874, 943.) Rogers cites caselaw where defendants received lighter sentences than that imposed on him. However, there is no indication in these cases that the lighter sentences were in any way race-related. Put another way, we do not know if those defendants were sentenced more leniently because they were not African-American like Rogers. His contention fails.

Lastly, Rogers contends that the trial court had the discretion to strike other elements of his sentence in the interest of justice under section 1385. Instead, the trial court stated it had "no options" in resentencing Rogers to anything but 15 years to life in prison. As defense counsel advised the court, "The crime my client was convicted of with the prior conviction allegation is a sentence of 15 years to life. There's no high term, mid term, low term choices for the court. The court['s] choices would be to impose the 15 to life or probation."

Rather than debate the options available to it, the trial court immediately discussed Rogers's rehabilitation efforts vis-a-vis his disciplinary history while in custody, as set forth above. It is clear the trial court balanced the two pictures of Rogers's tenure in custody and concluded that his disciplinary history outweighed everything else. The record also reflects that the trial court was aware of its discretion to strike a prior conviction allegation because defense counsel suggested that as a proposed resentencing option when he suggested modifying the sentence to probation. We find no abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 [failure to strike a sentencing allegation is reviewable for abuse of discretion].)

6

## DISPOSITION

The order denying Rogers's resentencing petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J

7